UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN COLE, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>HIGHMARK, INC,<br><br>     Defendant. | Case No.  21-442<br><br>ELECTRONICALLY FILED ON<br><br><br>**COMPLAINT –**<br>**COLLECTIVE AND CLASS**<br>**ACTION** |

## **PRELIMINARY STATEMENT**

1. This is a putative class and collective action brought by individual and representative Plaintiff Lynn Cole ("Plaintiff"), on behalf of herself, the proposed Pennsylvania Class, and all others similarly situated, to recover overtime pay from her employer Highmark, Inc. ("Highmark" or "Defendant").

2. Plaintiff brings this action (1) as an opt-in collective action on behalf of herself and all similarly situated individuals for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* (hereinafter, "PMWA")

3. Plaintiff's claim is asserted as a collective action under the FLSA, 29 U.S.C. § 216(b) and as a class action under Rule 23 of the Federal Rules of Civil Procedure.

4. The putative "FLSA Collective" is made up of all persons who are or have been employed by Defendant as a Utilization Management Nurse, Utilization Review Nurse, Care Coordinator, Nurse Reviewer, Care Management Nurse, or other similar positions during the applicable statutory period, and whose primary job was to perform utilization review work, which

1

consists of applying pre-determined criteria and guidelines to authorization requests submitted by healthcare providers for insurance coverage and payment purposes.

5. The Pennsylvania Class is made up of all persons who Defendant employed as Utilization Management Nurse, Utilization Review Nurse, Care Coordinator, Nurse Reviewer, Care Management Nurse in the state of Pennsylvania at any time within 3 years and whose primary job was to perform utilization review work, which consists of applying pre-determined criteria and guidelines to authorization requests submitted by healthcare providers for insurance coverage and payment purposes.

6. Defendant classified members of the FLSA collective and the Pennsylvania Class as exempt from the overtime provisions under federal and Pennsylvania state law.

7. Plaintiff and those similarly situated routinely worked more than forty (40) hours in a workweek but were not paid an overtime premium for their overtime hours.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

9. Venue is proper in the United States District Court for the Western District Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, Plaintiff worked for Defendant in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

10. Plaintiff Lynn Cole is an adult resident of Luzerne County, Pennsylvania. Plaintiff was employed by Defendant as a Care Management Nurse from approximately June 2017 to the September 24, 2019.

11. Defendant is a foreign limited liability company with its principal place of business located at 120 5th Ave. 5th Ave. Pl., Pittsburgh, Pennsylvania, 15222, United States.

12. Defendant operates office locations in multiple states around the country, including a location in Pittsburgh, Pennsylvania.

13. Defendant is among the ten largest health insurers in the United States and is the fourth-largest Blue Cross and Blue Shield-affiliated company. Through its diversified businesses and affiliates, Defendant operates health insurance plans in Pennsylvania, Delaware and West Virginia that serve 5.2 million members through dental insurance, vision care and other related health businesses.

14. Highmark Inc. operates in interstate commerce by, among other things, offering and selling a wide array of health, pharmacy, Medicaid services, behavioral health programs, and medical management products and services to customers and consumers in multiple states across the country.

15. Upon information and belief, Defendant's gross annual sales made or business done has been in excess of $500,000.00 at all relevant times.

16. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

17. At all times relevant herein, Defendant operated a willful scheme to deprive Plaintiff and others similarly situated of overtime compensation. Plaintiff, the FLSA Collective, and Pennsylvania Class, work or worked as Utilization Management Nurses, Utilization Review Nurses, Care Coordinators, Nurse Reviewers, Care Management Nurse, or similar job titles, whose

primary job duties consisted of performing utilization reviews for Defendant. Plaintiff, the FLSA Collective, and Pennsylvania Class's primary job duty is non-exempt work consisting of reviewing medical authorization requests submitted by healthcare providers against pre-determined guidelines and criteria for coverage and payment purposes.

18. Plaintiff, the FLSA Collective, and Pennsylvania Class are or were paid a salary with no overtime pay.

19. Plaintiff and the FLSA Collective, and Pennsylvania Class, are or were classified as exempt from federal overtime and state laws.

20. Defendant suffered and permitted Plaintiff, the FLSA Collective, and Pennsylvania Class to work more than forty (40) hours per week without overtime pay.

21. For example, in the workweek beginning April 22, 2018, Plaintiff estimates that she worked approximately 45-46 hours and did not receive overtime pay for these overtime hours.

22. Defendant has been aware, or should have been aware, that Plaintiff, the FLSA Collective, and Pennsylvania Class performed non-exempt work that required payment of overtime compensation. Defendant also required Plaintiff, the FLSA Collective, and Pennsylvania Class, to work long hours, including overtime hours, to complete all of their job responsibilities and meet Defendant's productivity standards.

23. Defendant knew that Plaintiff, the FLSA Collective, and Pennsylvania Class worked unpaid overtime hours because Plaintiff and others complained about their long hours and the workload. Specifically, when Plaintiff questioned her supervisor about not being compensated for working overtime. In response, Plaintiff's supervisor informed her that because she was working in a salaried position, it was part of the job and that she needed to work as much as was required to get the work done.

24. Although it had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff, the FLSA Collective, or the Pennsylvania Class.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

26. Plaintiff files this action on behalf of herself and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All persons who worked as Utilization Management Nurses, Utilization Review Nurses, Medical Management Nurses, Nurse Reviewers, Care Management Nurse, or similar job titles, primarily responsible for performing utilization reviews for Defendant nationwide at any time since three years prior to the filing of this Complaint.

27. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached hereto as Exhibit A.

28. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

29. During the applicable statutory period, Plaintiff and the putative FLSA Collective routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

30. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, requiring Plaintiff and others similarly situated to work excessive hours and failing to pay them overtime compensation.

31. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective.

There are numerous similarly-situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant, and are readily identifiable through its records.

## **CLASS ACTION ALLEGATIONS UNDER PENNSYLVANIA WAGE LAWS**

32. Plaintiff Cole (as the class representative) brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and as a class action on behalf of all similarly situated individuals. The Pennsylvania Class is defined as follows:

> All persons who worked as Utilization Management Nurses, Utilization Review Nurses, Medical Management Nurses, Nurse Reviewers, Care Management Nurse, or in similar job titles, primarily responsible for performing utilization reviews for Defendant in Pennsylvania at any time since three years prior to the filing of this Complaint.

33. Plaintiff's claims are typical of the claims of the proposed class members.

34. The potential members of the class are sufficiently numerous so that joinder of all class members is impractical and inefficient. The identities of the members of the putative Pennsylvania Class may be ascertained from Defendant's files and records.

35. There are questions of law and fact common to the class that predominate over any questions exclusive to the individual class members, including but not limited to, whether Defendant misclassified Plaintiff Cole and the putative Pennsylvania Class and unlawfully failed to pay them overtime compensation, whether Defendant failed to keep accurate records for all hours worked, whether Defendant's conduct was willful, and the proper measure of damages sustained by Plaintiff Cole and the putative Pennsylvania Class members.

36. Plaintiff Cole will fairly and adequately protect the interests of the putative Pennsylvania Class because her interests are not inconsistent with or antagonistic to the interests

to the members of the putative Pennsylvania Class. She has retained counsel qualified and experienced in litigating class actions and other complex litigation matters.

37. A class action is superior to other available methods for the fair and efficient adjudication of this case and will serve to promote judicial economy to the benefit of this Court, as well as the involved parties.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

## FAILURE TO PAY OVERTIME

### (On Behalf of Plaintiff and the FLSA Collective)

38. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

39. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

40. Defendant suffered and permitted Plaintiff and the putative FLSA Collective to routinely work more than forty (40) hours in a workweek without overtime compensation.

41. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the putative FLSA Collective the required overtime compensation.

42. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the putative FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the putative FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

43. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the putative FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## COUNT II—VIOLATION OF THE PMWA

## FAILURE TO PAY OVERTIME

**(On Behalf of Plaintiff and Pennsylvania Class)**

45. Plaintiff hereby fully incorporates in this Count all allegations contained within Plaintiff's Complaint.

46. At all times relevant to this action, Plaintiff Cole and the putative Pennsylvania Rule 23 Class were employees of Defendant within the meaning of PMWA and entitled to its protections.

47. Defendant is an employer covered by the PMWA. See 43 P.S. § 333.103(g).

48. Pursuant to the Pennsylvania Minimum Wage Act, § 333.104(c), each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate for each hour over forty (40) that an employee works during one (1) workweek.

49. Defendant violated the PMWA by failing to compensate Plaintiff Cole and the putative Pennsylvania Class for her hours worked in excess of forty (40) in a workweek, and with respect to such hours, failing to compensate Plaintiff Cole and the Pennsylvania Class based upon the overtime premium rate of one and one-half times their regular rate of pay.

50. Defendant willfully and intentionally failed to compensate Plaintiff and the putative Pennsylvania Class for the overtime hours they worked.

51. Under the PMWA, Plaintiff and the Pennsylvania Class are entitled to additional wages from Defendant for all overtime hours worked at a rate of one and one-half (1.5) times their regular hourly wage rates.

52. Plaintiff Cole and the putative Pennsylvania Class also seek recovery of all attorneys' fees, costs, liquidated damages, pre-judgment interest, and expenses in this action that are available under the PMWA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the putative FLSA Collective, prays for judgment against Defendant as follows:

- A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

- B. A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

- C. A finding that Defendant violated the overtime provisions of the FLSA;

- D. Judgment against Defendant in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

- E. An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

- F. An award of attorneys' fees and costs incurred in prosecuting this action;

- G. Leave to add additional plaintiffs and/or additional state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff, individually and on behalf of the Pennsylvania Class, prays for additional relief as follows:

A. That the Court determine that this action may be maintained as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure.

B. That Plaintiff be designated as the representative of the Rule 23 Pennsylvania Class, and Plaintiff's Counsel be designated as Class Counsel.

C. Unpaid overtime wages, and other due wages, and injunctive relief, pursuant to Pennsylvania law;

D. Appropriate equitable relief to remedy Defendant's violations of state law;

E. Appropriate statutory penalties;

F. An award of damages and restitution to be paid by Defendant according to proof;

G. Attorneys' fees and costs of suit, including expert fees pursuant to Pennsylvania Minimum Wage Act, § 333.104(c);

H. That Defendant be further enjoined to cease and desist from the unlawful activities in violation of the state laws cited above;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other equitable relief as the Court may deem just and proper.

DATED: April 6, 2021                **JOHNSTON LYKOS, LLC**

/s/Colleen Ramage Johnston
Colleen Ramage Johnston
PA I.D. No. 64413
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
Telephone: (412) 325-7700
Facsimile: (412) 325-7755
cjohnston@johnstonlykos.com

**NICHOLS KASTER, PLLP**

          Rachhana T. Srey, MN Bar No. 0340133
          Caroline E. Bressman, MN Bar No. 0400013
          80 South Eighth Street, St. 4700
          Minneapolis, MN 55402
          Telephone: (612) 256-3200
          Facsimile: (612) 338-4878
          srey@nka.com
          cbressman@nka.com

          **Attorneys for Plaintiff and Others**
          **Similarly Situated**